UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA TODD WOOLRIDGE,<br><br>  Plaintiff,<br><br>  v.<br><br>A. THOMPSON, et. al,<br><br>  Defendants. | Case No.: 1:12-cv-00040 JLT  (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 2). |

Plaintiff, Joshua Todd Woolridge Thompson ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil action pursuant to 42 U.S.C. § 1983.  On January 5, 2012, Plaintiff's action was removed from Kern County Superior Court, pursuant to 28 U.S.C. § 1441(b), as the Court has original jurisdiction over matters arising from 42 U.S.C. § 1983. (Doc. 2).  Plaintiff consented to proceed before the Magistrate Judge on January 19, 2012. (Doc. 5).  Pending before the Court is the Court's review of Plaintiff's complaint (Doc. 2) pursuant to 28 U.S.C. § 1915A(a)-(b), which he brings against Defendants A. Thompson, S.D. Hass, T. Perez, and the California Department of Corrections ("CDCR"). (Doc. 2 at 5).

Having read and considered the Complaint, the Court **DISMISSES** Plaintiff's complaint with **leave to amend**.

///

///

## I. SCREENING REQUIREMENT

Because Plaintiff seeks redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. PLEADING STANDARDS

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (Id.)   Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1).  While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accept all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Id. at 1949) (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." (Id. at 1950).

### III. PLAINTIFF'S COMPLAINT

Plaintiff began his incarceration at the Kern Valley State Prisons ("KVSP") on May 4, 2009. (Doc. 2 at 8). Plaintiff alleges Defendants Thompson and Perez, both correctional officers, "singled out" Plaintiff due to his "skin color" upon his arrival at KVSP. Id. Plaintiff avers he brought a pair of "Koss CL's" headphones with him to KSVP, which were physically examined by Sergeant Manta. Id. at 9. On August 12, 2009, Defendant Thompson confiscated and possibly destroyed Plaintiff's "Koss" headphones. Id. at 8.

On January 24, 2010, "Crips" gang members stole Plaintiff's personal property canteen. Id. at 10. Plaintiff informed Defendants Perez, Hass[1], and Thompson of the January 24 theft. Id. Defendants replied that an investigation would ensue. Id. However, on February 3, 2010, a "Crips" gang member again stole Plaintiff's entire quarterly package, which included a newly purchased "AM/FM Sony" cassette player and "earbuds." Id. at 10- 11. Plaintiff avers that he was targeted because of his non-affiliation with a gang.[2] Id. at 11.

Plaintiff contends that Defendants Hass, Perez and Thompson failed to adequately investigate the theft of Plaintiff's personal property and that Defendants are responsible for the negligent "extortion" of Plaintiff's personal property. Id. at 11-12.

### IV. DISCUSSION

#### A. The Eleventh Amendment prohibits Plaintiff's action against the CDCR.

The Eleventh Amendment provides that "[t]he Judicial power [of] the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *U.S. Constitution, amend. XI*. Therefore, the Eleventh Amendment prohibits federal jurisdiction over claims against a state, unless the state has consented to suit. Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73 (2000).

Here, Plaintiff names the CDCR as a defendant. (Doc. 2 at 4). However, as a department of

---

[1] Plaintiff avers that Defendant Hass is a lieutenant correctional officer. (Doc. 2 at 8). To the extent that Plaintiff holds Defendant liable because of his supervisory position, Plaintiff is forewarned that he cannot maintain a cause of action against any defendant merely because he supervises the person Plaintiff claims caused the constitutional deprivation. Iqbal, 129 S. Ct. at 1948. In his first amended complaint, a Plaintiff must set forth facts that the supervising official violated the Plaintiff's constitutional rights through his or her own individual action. Id.

[2] The Court assumes that Plaintiff believes he was targeted by the alleged "Crips" gang members.

the State of California, the CDCR is not amenable to suit in federal court. Wilbur v. Locke, 423 F.3d 1101, 1111 (9th Cir.2005); Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir.1999). "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities" Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir.2007) (citations omitted) and precludes the adjudication of pendent state law claims against non-consenting state defendants in federal courts. Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973-74 (9th Cir.2004). Plaintiff has failed to allege facts that the CDCR is a proper defendant in this action. Therefore, the complaint as to the CDCR is **DISMISSED**.

> **B. The Complaint should be dismissed for failure to state a cognizable claim for a Due Process violation.**

Plaintiff claims that Defendant Thompson "willfully and sadistically" stole his personal property. (Doc. 2 at 8). The Due Process Clause protects prisoners from being deprived of property without due process of law. *See* Gonzales v. Price (E.D. Cal., Dec. 2, 2009) 2009 WL 4718850 *3-4 (citing Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974). While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *See* Gonzales, 2009 WL 4718850 *3-4 (citing Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), Logan v. Zimmerman Brush Co., 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) and Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.1985)). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Gonzales, 2009 WL 4718850 *3-4 (citing Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir.1985), and Knudson v. City of Ellensburg,

832 F.2d 1142, 1149 (9th Cir.1987).

Since there is no indication that Plaintiff's property was taken because of an established state procedure, Plaintiff's allegations that Defendant stole his personal property amount to an unauthorized intentional deprivation. Defendant's actions therefore constitute a violation of due process only if a meaningful post-deprivation remedy for Plaintiff's loss is unavailable. *See* Hudson, 468 U.S. at 533. Here, Plaintiff has a meaningful post-deprivation remedy: Plaintiff may file suit in state court pursuant to California Government Code §§ 900, et seq. *See* Parratt v. Taylor, 451 U.S. 527, 539 (1981) ("[P]ost-deprivation remedies made available by the State can satisfy the Due Process Clause."); Arnold v. Williams, No. CIV S-08-28886 DAD P, 2009 WL 3710522, at *3 (E.D. Cal. Oct. 28, 2009) (California Government Code §§ 900, et seq. provide a sufficient post-deprivation remedy for the purposes of due process). Consequently, Plaintiff fails to state a cognizable claim against Defendant for violation of his rights under the Due Process Clause for stealing his "Koss" headphones. Thus, the Court **DISMISSES** Plaintiff's complaint.

**C. The Complaint should be dismissed for failure to state a cognizable claim of an Equal Protection violation.**

Plaintiff's claim that he was "singled-out" due to his skin color implicates the Equal Protection Clause of the Fourteenth Amendment, which requires that all persons similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that he was intentionally discriminated against on the basis of his membership in a protected class, Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005), or by showing that similarly situated individuals were intentionally treated differently for no rational basis. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004).

Here, Plaintiff states that he was singled-out because of his skin color but proffers no evidence to show *how* he was singled-out. The Court recognizes that it is firmly established that "race" exists as a class protected by the Fourteenth Amendment. *See e.g.,* Regents of University of California v.

1  Bakke, 438 U.S. 265 (1978).  However, Plaintiff does not indicate that he was treated any differently
2  than other similarly situated prisoners nor that the dissimilar treatment was based upon his race.
3  Furthermore, Plaintiff does not indicate how Defendants discriminated against him. (Doc. 2 at 8).
4  Therefore, the Court **DISMISSES** Plaintiff's Complaint for failure to state a cognizable claim.

       **D.**       **Plaintiff fails to state any cognizable claim under the Eighth Amendment.**

Plaintiff claims that Defendants subjected him to cruel and unusual punishment, implicates the Eighth Amendment. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)).  Prison officials have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).  To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991).  First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)).  Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733.  A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety.  Farmer, 511 U.S. at 837.

Plaintiff alleges the loss of two sets of headphone and his entire quarterly package. (Doc 2 at 9-10).  While the Court sympathizes with Plaintiff for is loss of property, the loss, which included shampoo, deodorant and hair grease, was not an objectively serious deprivation protected by the Eighth Amendment.  Additionally, it was other inmates – not Defendants – who caused the loss of Plaintiff's property.

Secondly, Plaintiff fails to demonstrate any evidence that Defendants acted with the "culpable state of mind" needed to implicate the subjective element of an Eighth Amendment claim.  Rather, Plaintiff complains that the Defendants failed to adequately investigate the loss of Plaintiff's personal

property. (Doc. 2 at 11).[3]  Such allegations hardly amount to a "deliberate indifference" on the part of Defendants.  Therefore, Plaintiff's Complaint is **DISMISSED** for failure to state a cognizable claim.

### IV. LEAVE TO AMEND

The Court will grant Plaintiff **one final opportunity** to amend the complaint to address the above deficiencies.  If Plaintiff chooses to amend his complaint, in compliance with Fed. R. Civ. P. 8(a), it must be brief, but must describe the particular actions of each defendant that he claims deprive him of his constitutional or federal rights.  Iqbal, 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff is advised that he may not change the nature of this suit by adding new, unrelated claims to his amended complaint.  See George, 507 F.3d at 607 (no "buckshot" complaints).  Factual allegations will be accepted as true, but "must be [sufficient] to raise a right to relief above the speculative level" and establish plausibility.  Twombly, 550 U.S. at 555-56 (2007) (citations omitted).  Plaintiff is also advised that mere conclusions that are unsupported by factual allegations are insufficient to state a claim.

Plaintiff is reminded that an amended complaint supersedes any prior complaints.  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Pursuant to Local Rule 220, an amended complaint must be "complete in itself without reference to the prior pleading."  Plaintiff is advised that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

### ORDER

For the foregoing reasons, the Court **HEREBY ORDERS** as follows:

1. The Court **DISMISSES** Plaintiff's complaint;

**2.** Plaintiff is **GRANTED** 30 days from the date of service of this order to file **an amended complaint** that addresses the deficiencies set forth in this order. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint";

---

[3] Plaintiff is **advised** that he has "no legitimate claim of entitlement to a grievance procedure." Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1989).  No due process rights exist as to the handling of an inmate's administrative grievance in a particular manner. Gonzalez v. Mullen, 446 Fed.Appx. 17, 18 (9th Cir. 2011).  Thus, Plaintiff cannot seek **any** relief from the Court for the Defendants' mishandling of his administrative grievance procedure.

1      3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

    4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

    Dated:   **April 1, 2013**            **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE