|   |   |
|---|---|
| JOSHUA TODD WOOLRIDGE, | ) Case No.: 1:12-cv-00040 – JLT (PC) |
| Plaintiff, | ) ORDER OF DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE |
| v. | |
| CCA CALIFORNIA CITY, et al., | ) (Doc. 5) |
| Defendant. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Joshua Todd Woolridge ("Plaintiff") is proceeding *pro se* in this civil rights matter pursuant to 42 U.S.C. § 1983. (Doc. 7). On April 2, 2013, the Court dismissed Plaintiff's complaint, but granted him 30 days to file an amended complaint. (Doc. 7). Also on April 2, 2013, the Clerk of the Court served the order of dismissal (Doc. 7) to the Plaintiff via the U.S. Postal Service. On April 10, 2013, the U.S. Postal Service returned the order of dismissal to the Court as undeliverable. Plaintiff has neither amend his complaint nor notify the Court of his change of address.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute

1

1  an action or failure to obey a court order, or failure to comply with local rules. *See, e.g*. Ferdik v.
2  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
3  requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
4  (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th
5  Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

6  In determining whether to dismiss an action for lack of prosecution, the court must consider
7  several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
8  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition
9  of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779
10 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The public's interest in
11 expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of
12 dismissal, as this case has been pending since January 16, 2013. (Doc. 1).  This case cannot be held
13 abeyance indefinitely based on Plaintiff's failure to comply with the Court order dated April 2, 2013.
14 (Doc. 7).

15 Additionally, Local Rule 183(b) requires Plaintiff to keep the Court abreast of his current
16 address.  The Rule permits dismissal of a matter where the United States Postal Service returns mail as
17 undeliverable and a party fails to notify the Court of his or her new address within 63 days. Local Rule
18 183(b).  As more than 63 days have passed since April 2, 2013, the public's interest in expeditiously
19 resolving this matter weighs in favor of dismissal.

20 The risk of prejudice to Defendants also weighs in favor of dismissal, since a presumption of
21 injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air
22 West, 542 F.2d 522, 524 (9th Cir. 1976).  Similarly, the factors in favor of dismissal discussed above
23 greatly outweigh the public policy favoring disposition of cases on their merits.  Finally, no lesser
24 sanction is feasible given the Court's inability to communicate with Plaintiff based on Plaintiff's
25 continuous disregard for the Court's mandates.
26 ///
27 ///
28 ///

1  Accordingly, and for the reasons set forth above, the Court **HEREBY ORDERS** that this
2  matter be **DISMISSED**.  The Clerk of the Court is **DIRECTED** to **CLOSE** this case.
3
4  IT IS SO ORDERED.
5
6  Dated:  **June 20, 2013**                    **/s/ Jennifer L. Thurston**
       UNITED STATES MAGISTRATE JUDGE